UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

**Norfolk Division**

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>ZAYO GROUP, LLC,<br><br>*Defendant.* | Civil Action No. 2:20-298<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Norfolk Southern Railway Company ("Norfolk Southern" or "Plaintiff") files this Complaint for Compensatory and Declaratory Relief against Defendant Zayo Group, LLC ("Zayo" or "Defendant"), and states as follows:

**INTRODUCTION**

1. This dispute arises out of a Duct Lease agreement, dated November 18, 1999, as amended (the "Duct Lease"), whereunder Zayo leases from Norfolk Southern a fiber optic duct installed within Norfolk Southern's railroad right-of-way, which Zayo occupies with fiber optic telecommunications equipment.

2. The Duct Lease's initial 20-year term expired in 2019, and Zayo exercised its option under Section 3 to extend the Duct Lease for an additional 10-year term (the "First Renewal Term"). Along with this option, the Duct Lease also included a mechanism for determining the "Adjusted Rental" Zayo would pay during the First Renewal Term. This process included the

parties engaging professional appraisers and, ultimately, committing the final and binding determination of the Adjusted Rental to a panel of three professional appraisers.  *See* **Exhibit A** at 2; **Exhibit B** at 2.  The parties followed this process, with each party initially securing its own appraisal and then, when the party-appointed appraisers were unable to reach agreement on the amount of the Adjusted Rental, adding a third appraiser to constitute the full panel (the "Panel").  The Panel then determined the Adjusted Rental by majority decision.

3. Following culmination of this contractually mandated process, Norfolk Southern issued invoices to Zayo to cover both the outstanding back rent owing since the start of the Renewal Term in 2019 and rental for the current period.  Zayo, however, has refused to timely pay these invoices.

4. Zayo has breached its obligations under the Duct Lease and is illegally withholding over $4 million of rent (including interest pursuant to Section 4(a) of the Duct Lease) it owes to Norfolk Southern.

5. Zayo *admits* that it is underpaying Norfolk Southern, but claims this breach of contract is justified because the panel of appraisers reached a nonunanimous decision and because it believes the amount of the Adjusted Rental, determined through the contractual process, is too high.  The Duct Lease supports neither Zayo's claims nor its attempt to withhold payment in an effort to compel renegotiation of the parties' contract.  The Panel's decision was valid, final, and binding, and Zayo owes the amounts for which it has been invoiced (plus interest).  Accordingly, Norfolk Southern brings this action to secure payment of these amounts to which it is entitled under the Duct Lease as well as a declaration of the parties' rights and obligations.

6. Norfolk Southern seeks (i) compensatory damages for Zayo's breach of contract by failing to pay the duly determined Adjusted Rental rate, and (ii) a declaration that Zayo is in

breach of its contractual obligations to pay the Adjusted Rental amount determined by the Panel's decision.

## JURISDICTION AND VENUE

7. Plaintiff Norfolk Southern Railway Company is a Virginia corporation with its principal place of business in Virginia.

8. Upon information and belief, Defendant Zayo Group, LLC is a Delaware limited liability company and is a citizen of Delaware and Colorado based on the citizenship of its sole member, Zayo Group Holdings, Inc., a Delaware corporation with its principal place of business in Boulder, Colorado.

9. The amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

11. This Court has personal jurisdiction over Defendant, which conducts extensive business in Virginia, entered into contracts with Plaintiff in Virginia regarding the use of property located in Virginia, and agreed that those contracts should be governed by Virginia law.

12. Venue lies in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b). Events giving rise to this action occurred in this District, and the contract between the parties is governed by Virginia law.

## STATEMENT OF FACTS

### Norfolk Southern and Zayo Enter Into the Duct Lease Agreement and Amendments

13. Norfolk Southern entered into the Duct Lease with Zayo beginning in 1999, through Zayo's predecessors Metromedia Fiber Network Services, Inc. and AboveNet Communications, Inc. (collectively, "Zayo").[1] The Duct Lease relates to the use Norfolk Southern's railroad corridor for the installation and operation of communications infrastructure equipment.

14. The parties initially entered into the Duct Lease on November 18, 1999. **Exhibit A**. The Duct Lease granted to Zayo the right "to occupy and use [Norfolk Southern's] vacant duct within [its railroad right-of-way] for the purpose of installing and operating a fiber optic communications system." **Exhibit A** at 1. The Duct Lease leased to Zayo the "exclusive right to use the duct" and "the non-exclusive right to use and occupy the [right-of-way] and to install" its fiber optic system. **Exhibit A** at 1. The Duct Lease gave Zayo the right to use the duct—located within Norfolk Southern's 24.7-mile rail corridor extending from Alexandria, Virginia to Manassas, Virginia—"for the purpose of constructing, installing, operating and maintaining [its] fiber optic cable, innerducts, manholes, huts (subject to available space) and related equipment." **Exhibit A** at 1, Ex. A – RW Route.

15. The Duct Lease provided an initial term of 20 years. So long as Zayo was not in default, the Duct Lease gave it the "right to renew this Lease for two 'Renewal Terms' of ten (10) years," with each Renewal Term "commencing on the expiration of the Initial Term." **Exhibit A** at 2. Each Renewal Term could be exercised by notice given by Zayo "not less than six (6) months prior to the expiration of the Initial Term or prior Renewal Term." **Exhibit A** at 2.

---

[1] Upon emerging from bankruptcy, Metromedia changed its name to AboveNet. In 2012, Zayo Group Holdings, Inc. acquired AboveNet. In 2020, Zayo Group, LLC, as assignee of Metromedia, entered into the Third Amendment to the Duct Lease with Norfolk Southern. *See* **Exhibit B**. For convenience and clarity, Norfolk Southern refers to Zayo's corporate predecessors as "Zayo" throughout.

16. Recognizing that the fair market value of Zayo's use and occupancy would likely change over time, the parties agreed in 1999 that, if Zayo exercised its renewal option at the end of the Initial Term or the First Renewal Term, as the case may be, the rent owing would be adjusted for the subsequent Renewal Term.  This "Adjusted Rental" "shall reflect the fair market value of the Leased Facilities and right granted herein for the Renewal Term for the uses permitted herein."  **Exhibit A** at 2.  And "in no event shall the Adjusted Rental be less than the Rental (or Adjusted Rental) . . . in effect immediately prior to a Renewal Term."  **Exhibit A** at 2.

17. The Duct Lease provided a specific and detailed dispute resolution mechanism for determining the Adjusted Rental, ultimately committing the determination to a panel of appraisers who were "Members of the Appraisal Institute" (MAI),[2] for final and binding determination.  **Exhibit A** at 2.

18. Section 4(b) of the Duct Lease set out the procedure for determining the Adjusted Rental in detail.  First, Norfolk Southern was to propose an Adjusted Rental amount to Zayo.  If Zayo rejected Norfolk Southern's proposal, Zayo was to engage an MAI Appraiser to appraise the value of the Duct Lease (the "Zayo Appraisal"), and to make a counter-proposal.  If Norfolk Southern in turn disagreed with Zayo's counter-proposal, Norfolk Southern was to engage its own MAI Appraiser to value the occupancy (the "Second Appraisal"), and to make a further counter-proposal to Zayo.  The two party-appointed appraisers were then to attempt to arrive at an agreed amount of the Adjusted Rental.  If they were unable to, the parties would then "select . . . a third appraiser similarly qualified, and the three shall determine the Adjusted Rental

---

[2] The Appraisal Institute is "the world's leading organization of professional real estate appraisers." *See* About Us, Appraisal Institute, https://www.appraisalinstitute.org/about/. "The MAI designation has long been recognized by courts of law, government agencies, financial institutions, and investors as a mark of excellence in the field of real estate valuation and analysis." Our Designations, Appraisal Institute, https://www.appraisalinstitute.org/our-designations/.

within sixty (60) days of the third appraiser's selection, which determination shall be final and binding." **Exhibit A** at 2.

19. As documented in Section 4(d)(vii) of the Duct Lease (as amended), Norfolk Southern commissioned and completed an appraisal (the "NS Appraisal") by an MAI Appraiser (Mr. Charles "Sandy" Rex) prior to receiving the Zayo Appraisal, and the parties agreed that the Norfolk Southern Appraisal satisfied the conditions of Section 4(b) of the Duct Lease with respect to the Second Appraisal.

20. During the period in which the Adjusted Rental is being determined, the Duct Lease provides that "[Zayo] shall continue paying the Rental (or Adjusted Rental) in effect during the Initial Term or the preceding Renewal Term, and upon the final determination of the Adjusted Rental, shall pay any excess due." **Exhibit A** at 2.

**Zayo Renews the Duct Lease and, With Zayo In Breach For Having Failed to Timely Provide Its Appraisal, Norfolk Southern and Zayo Execute the Third Amendment to the Duct Lease**

21. On April 4, 2019, Zayo exercised its right under Section 3 of the Duct Lease to renew the Duct Lease for the First Renewal Term. *See* **Exhibit A** at 1–2.

22. Anticipating a significant change in the actual market value of the Duct Lease over the preceding two decades, Norfolk Southern commissioned and completed the Norfolk Southern Appraisal in August 2019. On December 4, 2019, Norfolk Southern proposed to Zayo an Adjusted Rental of $2,500,000/year based on the Norfolk Southern Appraisal. In January 2020, Zayo rejected Norfolk Southern's proposal.

23. Following substantial delays in breach of the timing obligations set out in Section 4(b) of the Lease Agreement, Zayo ultimately engaged John Schmick to perform the Zayo

Appraisal.  Mr. Schmick is not an MAI Appraiser, but his "report" was signed by Robert Strachota, who is an MAI Appraiser.  Norfolk Southern is not aware of Mr. Strachota participating in any substantive way with Mr. Schmick's appraisal, and Mr. Schmick participated on the Panel on behalf of Zayo.

24.     On September 1, 2020, Zayo informed Norfolk Southern that it had engaged a third party to conduct a valuation appraisal, and that "[t]he results of the appraisal is an annual rate of $29,600 or $.227 per foot."  Zayo proposed to negotiate the adjusted rental based on that number, which represented a *decrease* in the rent for the initial 20-year term of the lease—even though the lease prohibits decreasing the rent for any renewal term.  **Exhibit A** at 2.  Norfolk Southern rejected Zayo's proposal on September 2, 2020.

25.     Pursuant to Section 4(d)(vii) of the Duct Lease, the Norfolk Southern Appraisal satisfied the conditions of Section 4(b) of the Duct Lease with respect to the Second Appraisal.

26.     Mr. Rex and Mr. Schmick attempted to negotiate an Adjusted Rental but were unable to reach agreement.

### The Parties Retain a Third Appraiser and the Appraisal Panel Issues a Majority Decision Determining the Adjusted Rental

27.     Because the party-appointed appraisers were unable to concur on the amount of the Adjusted Rental, pursuant to Section 4(d)(vii) of the Duct Lease, the parties proceeded with engaging a third MAI Appraiser (the "Third Appraiser") in order to proceed further under Section 4(b) of the Duct Lease.

28.     The parties retained Mr. Michael J. Kazen, an MAI Appraiser, to serve as the Third Appraiser.  Mr. Kazen's contract provided: "The Appraiser/Consultant hereby agrees to serve as the Third Appraiser pursuant to and in accordance with Section 4(b) of the Lease.  In the

event of a conflict between this Agreement and the [Duct] Lease, the [Duct] Lease shall control."  **Exhibit C**.

29. In the course of engaging Mr. Kazen, the parties informed him, Mr. Rex, and Mr. Schmick that the parties disagreed as to whether the Panel could proceed by majority vote or had to render a unanimous decision. Notwithstanding this dispute, the parties agreed to constitute the Panel and to let it proceed with its work in the first instance.

30. With Mr. Kazen's contract executed, the Panel worked together to determine the Adjusted Rental for the First Renewal Term. As part of this process, Mr. Kazen reviewed the Zayo Appraisal and the Norfolk Southern Appraisal and asked questions of the two other appraisers. Each party-appointed appraiser had a full opportunity to present his work, conclusions, and criticisms, and the entire Panel deliberated at length together.

31. Following its deliberations, on February 9, 2021, the Panel issued a final decision determining the Adjusted Rental for the First Renewal Term to be $2,340,000 per year. Mr. Kazen and Mr. Rex voted in the majority, with Mr. Schmick dissenting. *See* **Exhibit D**.

**Zayo Defaults By Failing To Pay Invoices for the Amounts Due Under the Adjusted Rental**

32. On February 19, 2021, Norfolk Southern issued to Zayo two invoices for rent due based on the Adjusted Rental determined by the Panel. The first invoice (No. 91890852), in the amount of $2,138,882.58, covered the balance of the Adjusted Rental due for the service period of November 19, 2019, to November 18, 2020. The second invoice (No. 91890824), in the amount of $1,852,849.06, covered the balance of the Adjusted Rental due for the service period from November 19, 2020, to November 18, 2021. Payment for both invoices was due by March 6, 2021. **Exhibit E**.

33. Zayo failed to pay either of the February 19 invoices. On March 10, 2021, Norfolk Southern notified Zayo that, if it did not pay the amounts due by March 22, 2021, Zayo would be in default under the Duct Lease. **Exhibit F**.

34. Rather than comply with its obligations under the Duct Lease, Zayo responded by engaging counsel. Subsequently, through counsel, Zayo informed Norfolk Southern that it believes the Adjusted Rental is invalid as it was determined by a majority, not a unanimous, decision by the Panel, and that, regardless of the determination of valuation experts, the amount of the Adjusted Rental is "too high."

35. Norfolk Southern has rejected Zayo's contentions, and Zayo has refused to pay the outstanding amounts due to Norfolk Southern under the Duct Lease. This Complaint follows.

## COUNT I

### BREACH OF CONTRACT

36. The foregoing allegations are realleged and incorporated by reference as if set forth fully herein.

37. The Duct Lease created legally enforceable obligations toward Norfolk Southern on the part of Zayo. Those obligations included the payment of the Adjusted Rental determined by the Panel for the First Renewal Term.

38. Zayo breached its obligations to Norfolk Southern by failing to pay Norfolk Southern the amounts required under the Duct Lease.

39. Norfolk Southern has been injured as result of Zayo's breach, suffering damages of more than $4 million.

## COUNT 2

### DECLARATORY JUDGMENT

40. The foregoing allegations are realleged and incorporated by reference as if set forth fully herein.

41. Based on its unsupportable interpretation of Section 4(b) of the Duct Lease, Zayo has breached its obligations under the Duct Lease. In the absence of an authoritative statement from this Court, Zayo will persist in its erroneous interpretation of the Duct Lease and will therefore continue to breach its obligations under the Duct Lease by failing to pay the Adjusted Rental duly determined by the Panel.

42. This in turn will necessitate additional lawsuits by Norfolk Southern seeking payment of rent past due.

43. Norfolk Southern seeks a declaration of its rights and Zayo's obligations under the Duct Lease with respect to the determination and payment of the Adjusted Rental.

### PRAYER FOR RELIEF

Wherefore, Norfolk Southern demands trial by jury and prays for the entry of an order (a) declaring that Zayo is in breach of its contractual obligations to Norfolk Southern; (b) requiring Zayo to pay Norfolk Southern the amounts due under the Adjusted Rental for the First Renewal Term, which commenced on November 19, 2019, plus the interest accrued from that date to the date of the entry of judgment; and (c) awarding such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Gordon D. Todd
Gordon D. Todd, VA Bar No. 45934
Lucas W.E. Croslow
Cody L. Reaves

                    SIDLEY AUSTIN LLP
                    1501 K Street, NW
                    Washington, D.C.  20005
                    (202) 736-8000
                    (202) 736-8711 (facsimile)
                    gtodd@sidley.com
                    lcroslow@sidley.com
                    cody.reaves@sidley.com

*Counsel for Norfolk Southern Railway Company*

269208211